IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TONYA HALL**                                                                                        **PLAINTIFF**

V.                                      NO. 3:20-CV-00353-JTK

**KILOLO KIJAKAZI,**
**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**[1]                           **DEFENDANT**

## ORDER

### I. Introduction:

Plaintiff, Tonya Hall ("Hall"), applied for disability benefits on September 20, 2018, alleging a disability onset date of June 24, 2017. (Tr. at 10). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Hall's application on March 31, 2020. (Tr. at 22). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Hall has requested judicial review.

For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Hall had not engaged in substantial gainful activity since the alleged onset date of June 24, 2017.[3]  (Tr. at 12). The ALJ found, at Step Two, that Hall had the following

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from

severe impairments: degenerative disc disease, osteoarthritis, status-post knee surgery, carpal tunnel syndrome, and obesity. (Tr. at 13).

After finding that Hall's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Hall had the residual functional capacity ("RFC") to perform work at the light exertional level with exceptions: (1) she can only occasionally climb stairs, but never climb ladders; (2) she can only occasionally balance, stoop, kneel, crouch, and crawl; (3) she can frequently handle and finger bilaterally; (4) she must avoid hazards, such as unprotected heights and dangerous moving mechanical parts; (5) she can perform simple, routine, and repetitive tasks; (6) she can make simple work-related decisions and can concentrate, persist, and maintain pace with normal breaks; and (7) she requires interpersonal contact with simple, direct, and concrete supervision. (Tr. at 15).

The ALJ found that Hall was unable to perform any of her past relevant work. (Tr. at 20). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Girard's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 21). Therefore, the ALJ found that Hall was not disabled. *Id.*

### III.   Discussion:

   A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error.

---

performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

*Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

   B. Hall's Arguments on Appeal

Hall contends that the evidence supporting the ALJ's decision is less than substantial. She argues that the ALJ did not properly consider the opinion of Hall's treating physician and that the RFC did not fully incorporate her limitations. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Hall's complained of unrelenting back, neck, hip, and knee pain. However, objective imaging revealed no more than mild-to-moderate conditions. (Tr. at 16-18). After lumbar branch blocks, Hall said she was feeling better. (Tr. at 288-290). Her pain management doctor planned to

3

decrease her Hydrocodone at that point. *Id*. Hall's regular nurse practitioner recommended weight loss and exercise, and said that Hall was not a surgical candidate for her back condition. (Tr. at 317-326). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Another doctor prescribed a home exercise program, and Hall said when she avoided certain activities, her pain improved. (Tr. at 396-398). She was treated conservatively with medications, branch blocks, and steroid injections, which provided some relief. Hall's PCP, Dr. Sumner Cullom, urged Hall to stop smoking, which she did not do. (Tr. at 471-473). *See Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997). Dr. Cullom said, on July 6, 2018, that he would not declare Hall disabled without a further workup. *Id*. On October 11, 2018, a note from Dr. Cullom said that Hall's back pain was chronic but stable. (Tr.at 465-467).

After carpal tunnel release surgery, Hall said the numbness and tingling in her hands was improved. (Tr. at 364-365). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). She agreed to perform home exercise (Tr. at 365-368). After right knee surgery, she told her neurosurgeon that she was having no pain. (Tr. at 651-662). He told Hall to begin weight-bearing as tolerated. (Tr. at 682-687).

Hall could perform daily activities, like attending to personal care, driving, preparing meals, doing laundry, and shopping. (Tr. at 34-35. 237-241). Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Dr. Cullom filled out a medical source statement on February 4, 4019, in which he said Hall could not even perform sedentary work and that she would miss three days of work per month.

4

(Tr. at 489-491). The ALJ found that this opinion was not persuasive. (Tr. at 19). Hall finds fault with this.

First, a conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Cullom did not point to any records or tests when he wrote his opinion. And Hall's doctors told her to stop smoking and engage in exercise, which undermines Cullom's restrictive opinion.

On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017). *See Phillips v. Saul*, 2020 U.S. Dist. LEXIS 110370, No 1:19-CV-00034-BD, at *4 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

The ALJ in this case addressed Dr. Cullom's opinion, and noted that it was not consistent with his statement that her condition was stable in 2018. (Tr. at 19). The ALJ pointed to the fact that Hall was not a surgical candidate for her back condition. *Id*. The ALJ also discussed Hall's improvement in condition with treatment, including knee and wrist surgery. Finally, she said that there was no record of a pulmonary condition, so the environmental restrictions Dr. Cullom

imposed were not supported. *Id*. The ALJ properly characterized the medical opinion.

Hall also contends that the RFC did not fully incorporate her limitations. A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003). As noted above, Hall could perform some daily activities, treatment was moderately effective, and objective testing showed no more than moderate conditions. Surgery proved beneficial. The RFC for light work incorporated all of Hall's credible limitations.[4]

## IV.  Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly weighed Dr. Cullom's opinion, and the RFC incorporated Hall's credible limitations. The finding that Hall was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 20th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Hall also argued that her obesity was a significantly limiting condition, but the ALJ properly discussed her weight and weight loss attempts, and ruled obesity to be a severe impairment at Step Two. (Tr. at 13-16).